IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTOPHER RICHARD                                                    PLAINTIFF

V.                        CASE NO. 4:25-CV-00573 BSM-JTK

SOCIAL SECURITY ADMINISTRATION                          DEFENDANT

## RECOMMENDED DISPOSITION

### I.    Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### II.    Introduction:

Plaintiff, Christopher Richard ("Richard"), filed an application for Title II disability benefits on August 18, 2022. (Tr. at 32). In the application, he alleged that his disability began on December 15, 2020. *Id*. The application was denied initially

1

and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Richard was not disabled. (Tr. at 32-43). The Appeals Council denied Richard's request for review of the hearing decision. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Richard has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## III.     <u>The Commissioner's Decision</u>:

Richard met the insured status requirements of the Social Security Act through December 31, 2025. (Tr. at 34). The ALJ determined that Richard has not engaged in substantial gainful activity since the alleged onset date of December 15, 2020.[1] (Tr. at 35). *Id*. The ALJ found, at Step Two, that Richard has the following severe impairments: hypertension, below the knee amputation on the right side, and degenerative disc and joint disease. *Id*.

The ALJ determined that Richard did not have an impairment or combination

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

of impairments that met or medically equaled a Listed Impairment.[2] *Id*. Next, the ALJ found that Richard had the residual functional capacity ("RFC") to perform work at the sedentary exertional level with the following additional limitations: (1) can no more than occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; (2) can no more than occasionally balance, stoop, kneel, crouch, and crawl; and (3) must avoid working around unprotected heights, open flames, or dangerous and/or moving machinery. *Id*.

The ALJ determined that Richard was unable to perform any past relevant work. (Tr. at 40). Relying upon testimony from a vocational expert ("VE"), the ALJ found that, considering Richard's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Richard could perform. (Tr. at 41-42). Therefore, the ALJ concluded that Richard was not disabled. *Id*.

## IV.   Discussion:

### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see*

---

[2] See 20 C.F.R. Part 404, Subpart P Appendix 1: "Adult Listing of Impairments."

*also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable

mind might accept as adequate to support a conclusion, "substantial evidence on the

record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of

administrative decisions, the Supreme Court has explained: "And whatever the

meaning of 'substantial' in other contexts, the threshold for such evidentiary

sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'"

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co.*

*v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Id*.

It is not the task of this Court to review the evidence and make an independent

decision. Neither is it to reverse the decision of the ALJ because there is evidence in

the record which contradicts his findings. The test is whether there is substantial

4

evidence in the record as a whole, which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.   Richard's Arguments on Appeal

Richard contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He argues that: (1) the ALJ did not properly account for Richard's complaints of pain; (2) the ALJ did not incorporate all of Richard's alleged limitations in the RFC; and (3) the ALJ should have found depression to be a severe impairment at Step Two.

1.  **Complaints of pain**

Richard argues that the aLJ should have further discussed his complaints of pain. When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

5

Richard had a right sided amputation below the knee, and he suffered from back pain. He sought treatment for this, which helped.

The ALJ certainly discussed the nature of Richard's pain, for example: "significant and chronic pain in his right lower extremity and low back areas," "tenderness in right lumbar paraspinal muscles, stump pain (with prolonged ambulation) and phantom pain," "signs of tenderness over his gluteal bursa area," "intense pain in the right lower extremity." (Tr. at 36-37). The ALJ also discussed objective imaging, noting disc degeneration, disc bulge, and positive straight-leg raise. (Tr. at 37, 542, 554, 572, 573). The ALJ also discussed Richards' treatment for pain: narcotics and medication injections in the bursa area. (Tr. at 36-37). But the evidence did not show that pain was disabling: the ALJ noted that in 2022, his treatment provider said that Richard was ambulating well with the prosthesis. (Tr. at 37, 307). He also demonstrated a stable, unassisted gait. *Id*. In 2023, musculoskeletal exam showed full range of motion in his joints.[3] (Tr. at 37, 573). Richard felt some improvement with treatment.[4] (Tr. at 470, 475, 487, 502). And Richard could

---

[3] Normal clinical findings may support an ALJ's decision to deny benefits. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001).

[4] Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Duvall v. Bisignano*, NO. 4:25-cv-00120 KGB-PSH, 2025 WL 1812626, n. 6 (E.D. Ark. July 1, 2025); *See Locher v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992).

exercise and go on walks. (Tr. at 36-37, 477, 518-520).

Considering these factors, the ALJ limited Richard to the most restrictive type of work, sedentary exertional work. (Tr. at 35). He also included further physical restrictions in the RFC, giving credit to Richard's pain. The ALJ properly discussed Richard's pain levels and response to treatment, and he accounted for Richard's pain in the RFC.

### 2. Additional alleged limitations

Richard also asserts that the ALJ should have considered his subjective allegations and incorporated them into the RFC. Specifically, he states that he needed unscheduled breaks, would have time off-task, would have absenteeism precluding work, and would not be able to maintain concentration and attention throughout the workday.[5] The records did not suggest that these were credible limitations,[6] or that they would negatively impact Richard's ability to work. No doctor placed restrictions like this on Richard. And Richard could perform daily

---

[5] In his reply brief, Richard (for the first time) challenges the opinion of Dr. Carlos Roman that Richard could perform light work. (Tr. at 472). The ALJ credited the opinion, but found that Richard was limited to sedentary work, rather than light….a more restrictive finding. (Tr. at 38-39). Richard has not shown that the ALJ erred with respect to Dr. Roman's opinion.

[6] Functional limitations must have a basis in the medical evidence and are not established based solely on a claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 416.908; *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004).

activities like going to church, caring for his children, watching his children's sporting events, engaging in social activities, driving, exercising, and helping around the house.[7] (Tr. at 217-224). Participation in these activities (which required stamina and concentration), undermine Richard's claims that the above alleged restrictions should have been included in the RFC. Richard's argument here is unavailing.

### 3. Depression

The state-agency psychiatric experts found no severe mental impairment, although Richard alleges that depression caused disabling conditions. (Tr. at 63-77). At Step Two, the ALJ found that Richard had no severe mental impairments, but Richard states depression should have been labeled a severe impairment. (Tr. at 35). However, Richard did not allege that he was disabled due to depression on his disability application. (Tr. at 197). At the hearing, Richard did not state that his alleged disability was the result of a mental impairment. (Tr. at 47-61). He sought no regular psychiatric treatment and he did not require inpatient or emergency room mental health care. Mental examinations were routinely normal. (Tr. at 312, 488, 554, 571). During the relevant-time period, Richard was enrolled in school and was

---

[7] Such daily activities undermine his claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

actively pursuing an associate's degree in business. (Tr. at 472). Richard has not shown that depression was a severe impairment or that the ALJ erred at Step Two.

## V.    **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly evaluated Richard's pain, the RFC incorporated all of his credible limitations, and the ALJ did not err at Step Two. The finding that Richard was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 26th day of March, 2026.

_____
UNITED STATES MAGISTRATE JUDGE